UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CHEVRON CORPORATION,

                                  Plaintiff,

            -against-                                       1:12-MC-65 LAK/CFH

STEVEN DONZIGER, et al.,

                                  Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ORDER TO SHOW CAUSE

LEWIS A. KAPLAN, *District Judge.*

        One of the motions to quash in this matter was filed on behalf of non-party "John Doe" movants, "John Doe" being a fictitious name.

        Federal Rule of Civil Procedure 10(a) requires that the complaint in a civil action include a caption that "name[s] all the parties." This serves several important purposes including but not limited to the proper application of the rules of former adjudication.

        Rule 10(a) does not expressly contain any such requirement with respect to motions filed by non-parties, in all likelihood because the question whether non-party movants should be identified rarely if ever arises in consequences of the fact that their identities always or nearly always are known. Nonetheless, it appears that the policies underlying Rule 10(a) apply to this motion.

        There is an additional consideration. These movants have filed a declaration for consideration on the motion that counsel has stated is that of one of her clients. The document is signed only with the alleged client's e-mail address. As identification of the owner of the e-mail address in question is an object of the subpoena that the movants seek to quash, it is impossible for the Court, or those of the parties who do not already know with certainty who owns the e-mail address with which the declaration was signed, to know who actually signed the declaration. Thus, lack of the true name of the declarant could impede prosecution of the declarant in the event that there were reason to believe that the declaration is false.

        In the circumstances, it is appropriate to consider whether Rule 10(a) and/or other provisions of the Federal Rules should be construed to require identification, at least to the Court,

of any person or entity that appears in a federal action. The "John Doe" movants shall show cause, on or before February 6, 2013, why they should not be required to submit to the undersigned affidavits or declarations revealing to the Court their true identities which will be filed under seal unless and until the Court otherwise orders. The Court well understands that the question whether the "John Does'" identities should be revealed to Chevron or more broadly is distinct from the question whether the Court should be so informed and does not intend to address that issue – which is implicated by the pending motion – on this order to show cause.

SO ORDERED.

Dated:      January 23, 2013

_____
Lewis A. Kaplan
United States District Judge