**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

CHEVRON CORP.,

        Plaintiff,

  -against-

                                Case No. 1:12-mc-65 LAK

                                Hon. Lewis A. Kaplan

STEVEN DONZIGER, *et al.*,

                      Defendants.

**JOHN DOE MOVANTS' RESPONSE TO ORDER TO SHOW CAUSE**

I.    INTRODUCTION

This Court should not compel the John Doe Non-Party Movants to reveal their true identities under seal to the Court at this time. As an initial matter, the very constitutional right the Does seek to protect is the freedom from compelled identification by the government. *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 342 (1995) ("An author's decision to remain anonymous . . . is an aspect of freedom of speech protected by the First Amendment."); *see also Talley v. California*, 362 U.S. 60, 65 (1960) ("There are times and circumstances when States may not compel members of groups engaged in the dissemination of ideas to be publicly identified."). Moreover, the Court can adjudicate this dispute fairly and efficiently without requiring the Does to identify themselves under seal.

II.   ARGUMENT

The Court has suggested that Federal Rule of Civil Procedure 10(a) weighs in favor of requiring the Does to identify themselves to the Court under seal. The Court has specifically expressed concern about the policies underlying the rule and former adjudication considerations. These principles do not require the Court to order the Does to submit their identities under seal at this time.

First, the caption on the Doe's Motion to Quash complies with the letter of Rule 10(a), which requires that every pleading include the names of the parties to the action. The Does' Motion lists the plaintiff, the lead defendant, and refers generally to the other defendants in compliance with Rule 10(a). None of the John Doe Movants are parties to Chevron's lawsuit against Mr. Donziger and his associates, so they fall outside the four corners of Rule 10(a).

Second, requiring the Does to identify themselves to the Court would not further the policies underlying Rule 10(a). The primary purpose of the rule "is to apprise parties of who their opponents are and to protect the public's legitimate interest in knowing the facts at issue in court proceedings." *Doe v. Shakur*, 164 F.R.D. 359, 360 (S.D.N.Y. 1996). Here, Chevron knows the identities of all the defendants it named in its lawsuit. Chevron also asserts that it knows the identities of the Does. Chevron Corporation's Mem. of Law in Opp. to Mot. of Non-Party John

1

Doe Movants to Quash Subpoena to Microsoft, Inc. Seeking Identity and Email Usage Information at 4-5 (ECF No. 35).

In the Second Circuit, when faced with a party who wishes to remain anonymous, courts must balance the plaintiff's "interest in proceeding anonymously against the interests of defendants and the public." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190-91 (2d Cir. 2008) (examining several non-exclusive factors including "whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity"); *Doe v. United Services Life Ins. Co.*, 123 F.R.D. 437 (S.D.N.Y. 1988) (plaintiff allowed to proceed under pseudonym where insurer already knew plaintiff's true identity and would not be disadvantaged by allowing him to proceed under pseudonym). Should the Court ultimately deny the Does' Motion to Quash, Chevron will have the Does' identities. But at this juncture, neither Chevron nor the public has any identifiable interest in requiring the Does to identify themselves, *ex parte* and under seal, to the Court.

Third, the rules of former adjudication do not present a problem at this time. The Court may be concerned that individuals who have lost prior disputes in this litigation are now attempting to re-litigate identical issues as Does rather than under their true names, which might be barred by *res judicata*. But Chevron asserts that it knows the Does' identities already, and has not claimed that they are trying to re-litigate any issues. Furthermore, if Chevron prevails on the Does' Motion to Quash, it will have the identities of the Does and will be able to argue in the future based on *res judicata* that the same non-parties may not re-litigate the same issue. If the Does prevail, they clearly have Chevron's identity as well as their own, and will be similarly well situated to argue based on *res judicata*.

Finally, the Court has noted that it does not know the true names of the Does who submitted declarations in support of the Does' Motion to Quash, which could impede prosecution of those individuals if there were ever reason to believe that the declarations are

false.[1] Counsel for the Does have on file copies of both declarations submitted in support of the Does' Motion to Quash signed with the declarants' true names and signatures. Declaration of Michelle Harrison in Support of John Doe Movants' Response to Order to Show Cause at ¶ 4. No party has suggested that the declarations contain false statements or are otherwise suspect. Should any such concern arise, the Court could order the Does to submit the declarations signed with their true names at that time.

### III.   CONCLUSION

For the foregoing reasons, the Court should not order the John Doe Movants to submit affidavits or declarations revealing to the Court their true identities. In the alternative, the Court should defer issuing any such order until after deciding the Motion to Quash, should the need for identification arise.

DATED:  February 6, 2013                    Respectfully submitted,

                                                /s/ Mitchell L. Stoltz
Mitchell L. Stoltz, Esq.
(Bar Roll No. 517844)
Marcia Hofmann, Esq.
(admitted *pro hac vice*)
Nathan Cardozo, Esq.
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333

Marco Simons, Esq.
marco@earthrights.org
EARTHRIGHTS INTERNATIONAL
1612 K Street NW, Suite 401
Washington, DC 20006
Telephone: (202) 466-5188

*Counsel for Non-Party John Doe Movants*

---

[1] While the Court's Order to Show Cause expressed this concern only about the declaration filed with the Motion to Quash, the Does have since filed a second declaration in support of the motion at ECF No. 42-2.