UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CHEVRON CORP.,

                 Plaintiff,

          -against-                                     1:12-mc-65 (LAK)

STEVEN DONZIGER, et al.,

                 Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

       Three individuals or entities identified only as JOHN DOES and as the owners of

three specific email addresses – simeontegal@hotmail.com, mey_1802@hotmail.com, and

lupitadeheredia@hotmail.com – move to quash a subpoena served by plaintiff in aid of an action

pending in the Southern District of New York[1] on Microsoft Corporation.

*Facts*

       The subpoena seeks production of documents related to the identities of the users and

the usage of thirty email addresses, including those allegedly owned by the three JOHN DOES. The

motion is supported in part by a declaration of "JOHN DOE (OWNER OF

SIMEONTEGEL@HOTMAIL.COM),"[2] which is signed in cursive writing

---

[1]      *Chevron Corp. v. Donziger*, 11 Civ. 0691 (LAK).

[2]      Dkt. 2-4.

"simeontegel@hotmail.com."  A declaration of a law clerk with an organization that is providing

the movants with legal representation states that "[a] copy of the declaration with the account

holder's true name and signature is on file with" her office.[3]   The alleged owner of the

simeontegel@hotmail.com account avers that he has filed the "declaration under [his] email address

because [he] wish[es] to protect [his] rights to free speech and participation in associational

activities. [He] also wish[es] to avoid making moot these very issues, which [he] ha[s] raised in this

motion."[4]

      Chevron, for its part, believes it knows the identities of the owners of the email

addresses of the three JOHN DOES on whose behalf the motion originally was made.[5]   Its

memorandum points out the following:

> "In this case, accordingly, the Microsoft subpoena does not affect the Does'
> right to anonymous speech because Tegel, Yepez, and Heredia—the Does—are not
> anonymous.  That is of their own doing: Tegel, Heredia, and Yepez used their names
> or initials when creating the addresses associated with their email accounts.  And
> they have long publicized their use of these particular email addresses and their
> association with the LAPs.  Tegel signed emails and wrote letters to news outlets
> using his name.  Exs. 3, 5.  Indeed, a Google search of 'Simeon Tegel' returns, as its
> second result, Tegel's personal website, which prominently lists his Hotmail address.
> Ex. 12.  Heredia gave assignments to the LAPs' interns.  Ex. 9.  And Yepez
> participated in radio interviews about her involvement in the LAPs' public relations

---

[3]    Dkt. 2-2, ¶ 5.

[4]    Dkt. 2-4, ¶ 2.

[5]    Movants, it should be added, have submitted a second JOHN DOE declaration with their
reply papers, this one of the alleged owner of the pirancha@hotmail.com account.  This
email address appears to be that of Rodrigo Wampakit of Maruma, Ecuador.  *See*
http://chapaik.freeservers.com/ (last visited Feb. 11, 2012).  The Court need not consider this
declaration because it was filed for the first time in reply.  *See State Farm Mut. Auto Ins.
Co. v. Cohan*, 409 Fed.Appx. 453, 456 (2d Cir. 2011) (affirming district court's exclusion
of affidavit first filed in reply as belated); *see also Knipe v. Skinner*, 999 F.2d 708, 711 (2d
Cir. 1993) ("Arguments may not be made for the first time in a reply brief.").

efforts. Ex. 13. Through their very public activities, the Does have affirmatively chosen *not* 'to remain anonymous.' *McIntyre* [*v. Ohio Elections Comm'n*], 514 U.S. [334,] 342 [(1995)]."[6]

Given the failure of the JOHN DOE movants to identify themselves in court papers, the Court issued an order to show cause "why they should not be required to submit to the undersigned affidavits or declarations revealing to the Court their true identities which will be filed under seal unless and until the Court otherwise orders."[7]

The JOHN DOE movants have responded that they should not be obliged to inform even the Court – alone, under seal – of their identities because (1) Federal Rule of Civil Procedure 10(a) does not literally require identification of the JOHN DOES in the caption,[8] (2) Chevron asserts that it knows the identities of the JOHN DOES, thus satisfying the conceded purpose of Rule 10(a) "to apprise parties of who their opponents are and to protect the public's legitimate interest in knowing the facts at issue in court proceedings,"[9] (3) there is no need to identify the JOHN DOES for purposes of applying the rules of former adjudication because no one now claims that they are

---

[6]

Dkt. 35, at 14.

[7]

Dkt. 41, at 2.

It added that the Court "well understands that the question whether the 'John Does' identities should be revealed to Chevron or more broadly is distinct from the question whether the Court should be so informed and does not intend to address that issue – which is implicated by the pending motion – on this order to show cause."

[8]

Dkt. 43, at 1.

[9]

*Id.* (quoting *Doe v. Shakur*, 164 F.R.D. 359, 360 (S.D.N.Y. 1996) (internal quotation marks omitted)).

trying to relitigate a matter previously decided,[10] and (4) there is no need to identify the JOHN

DOES to enable a prosecution for perjury or making false statements as there is no suggestion that

the declaration submitted anonymously on this motion is false.[11]

*Discussion*

The position of the JOHN DOE movants with respect to identifying themselves to

the Court is entirely unpersuasive.

As an initial matter, they acknowledge that Rule 10(a) is intended "to apprise parties

of who their opponents are and to protect the public's legitimate interest in knowing the facts at

issue in court proceedings."[12]  Their contention that this purpose is served here because Chevron

"asserts" that it knows the identities of the movants is very wide of the mark.  Asserting a belief and

knowing a fact are two quite different things.  Moreover, facts typically are not proved in litigation

by assertions of belief.  Evidence is required.  Thus, the first conceded purpose of Rule 10(a) is not

served by proceeding anonymously where the adverse party believes that it knows the anonymous

litigants' identities.  Nor is its purpose of serving the public interest.  But this is neither here nor

there for purposes of the order to show cause, as that concerns only the question whether the Court

should have the information.

Second, no comfort may be taken from the claim that copies of the two DOE

declarations bearing the true names are in the hands of the advocacy organization that is providing

---

[10]

    *Id.* at 2.

[11]

    *Id.* at 3.

[12]

    *Id.* at 1 (quoting *Shakur*, 164 F.R.D. at 360 (internal quotation marks omitted)).

the declarants with legal representation.   There simply is no way of knowing whether those declarations would be available should the identities of the declarants or the veracity of their allegations become important at some unpredictable future time when that information might prove pivotal for former adjudication or criminal law purposes.

Third, courts have important institutional reasons that require that they know the identities of litigants before them even where there are good reasons for litigants to proceed anonymously vis-a-vis the public.  One consideration is that our jurisdiction is limited by Article III of the Constitution to cases and controversies – actual live disputes between real adversaries. Without knowing the identities of the DOE movants, the Court simply cannot be certain that it is the true owners of these email accounts who are pressing this motion as distinguished, perhaps, from an advocacy group that wishes to use the existence of the subpoena for a broader purpose of its own. Another is the Court's obligation to "keep informed about the judge's personal and fiduciary financial interests and make a reasonable effort to keep informed about the personal financial interests of the judge's spouse and minor children residing in the judge's household" in order to discharge the judge's duty to disqualify him- or herself in appropriate circumstances.[13]  Knowing the identity of the litigants before the Court is essential to discharging that obligation.

In the last analysis, at least part of what is going on here is reasonably clear.  The JOHN DOE movants' claims that they fear that their expressive and associational activities could be chilled if their names were publicly associated with their email addresses is shaky at best in light of the email addresses they chose and the publicity they have received.  It does not take a rocket scientist to figure out, as Chevron thinks it has done, that simeontegel@hotmail.com quite likely is

---

[13] CODE OF CONDUCT FOR UNITED STATES JUDGES Canon 3(C)(2).

6

owned by Simeon Tegel, mey_1802@hotmail.com by Maria Eugenia Yepez,[14] and lupitadeheredia@hotmail.com by Lupita (or Guadalupe) de Heredia.[15] The real concern seems to be something else altogether. As the owner of the simeontegel@hotmail.com account wrote in his "anonymous" declaration, he does not wish to acknowledge his identity because he "wish[es] to avoid making moot these very issues" – *i.e.*, the question whether internet service providers can or should be required in appropriate circumstances to identify the owners of email addresses. But, federal courts have an independent obligation to inquire as to the existence of their jurisdiction, which is non-existent where a lawsuit is moot. The wish to keep the movants' identities secret as a matter of form where they so likely are not secret in fact and thus to induce the Court to ignore what likely is the reality here is not legitimate and not defensible.

"Courts invested with the judicial power of the United States have certain inherent authority to protect their proceedings and judgments in the course of discharging their traditional responsibilities."[16] "This inherent power . . . extends . . . to a court's management of its own affairs."[17] Quite apart from the applicable provisions of the Civil Rules, the considerations discussed above and in the order to show cause make this an appropriate occasion for the use of that inherent

---

[14] The email address has been published in unique association with Ms. Yepez's name at least at http://www.juiciocrudo.com/archivos/documento/doc_95_Correo_electronico_de_Pablo _Fajardo_%282_de_abril_2008%29.pdf (last visited Feb. 11, 2012).

[15] Dkt. 39-9.

[16] *Degen v. United States*, 517 U.S. 820, 823 (1996).

[17] *Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 267 (2d Cir. 2007).

power to ensure that the processes of this Court are not abused, that a moot controversy is not foisted upon it, and that the Court may properly discharge its obligations under the Code of Conduct.

*Conclusion*

Accordingly, the Court construes Rule 10(a) as requiring that any non-party who files an application for relief in a federal court identify him-, her-, or itself in the initial pleading or motion filed on its behalf. That initial pleading or motion shall be filed publicly in the absence of an order permitting its filing under seal. Pursuant to Federal Rules of Civil Procedure 1, 10(a), and 16(c)(2)(A), (G), (L), and (P), and the inherent power of the Court, the JOHN DOE movants, on or before February 19, 2013, shall submit to the chambers of the undersigned (1) the original, signed declarations they have filed publicly under anonymous names, and (2) an affidavit or declaration identifying each individual or entity on behalf of which the motion to quash has been made. These documents will be filed under seal unless and until the Court otherwise orders.

SO ORDERED.

Dated:        February 12, 2013

_____
Lewis A. Kaplan
United States District Judge