UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CHEVRON CORP.,

        Plaintiffs,

  -against-

                                    Case No. 1:12-mc-00065 LAK/CFH

                                    Hon. Lewis A. Kaplan

STEVEN DONZIGER, *et al.*,

        Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF NON-PARTY JOHN DOES' MOTION FOR RECONSIDERATION OF THE COURT'S JUNE 25, 2013 DECISION DENYING THE NON-PARTY JOHN DOES' MOTION TO QUASH SUBPOENA ISSUED TO MICROSOFT; DECLARATION OF JOHN DOE IN SUPPORT OF MOTION FOR RECONSIDERATION**

## INTRODUCTION

By Memorandum Opinion (the "Opinion"), on June 25, 2013, this Court denied the Non-Party John Doe Movants' (the "Movants") Motion to Quash the subpoena issued to Microsoft by Chevron Corporation ("Chevron"). The subpoena was issued by Chevron in connection with *Chevron Corp. v. Donziger et al.*, No. 11-cv-0691 (LAK) (S.D.N.Y.), and seeks identity and usage information for about 30 email accounts from 2003 to present. Movants, all non-parties to the underlying litigation, filed a Motion to Quash the subpoena in its entirety on October 22, 2012. The Court denied the Motion to Quash on the basis that the Movants did not have standing to bring a First Amendment challenge to the Chevron's subpoena.

Movants respectfully submit this Memorandum of Law in support of their Motion for Reconsideration of the Court's Opinion and respectfully request that the Court reconsider its ruling and grant Movants' Motion to Quash the subpoena in its entirety. The Movants submit that the Court erred by incorrectly assuming that none of the Movants were citizens or residents of the United States, when in fact one Movant is a United States citizen. *See* John Doe Declaration at ¶ 3. As explained below, the Court further erred in giving inadequate consideration to third-party standing and by assuming the non-movant account owners faced no practical barriers to asserting their rights. In light of these errors, reconsideration of the Court's Opinion is warranted and is necessary to prevent a manifest injustice.

Accordingly, the Movants respectfully request that, pursuant to Northern District of New York Local Rule 7.1(g) and in the interest of preventing manifest injustice, this Court reconsider its finding regarding John Doe's standing as to his own account and third-party standing to challenge the subpoena with respect to the other account holders, and grant the Movants' motion to quash the subpoenas issued to Microsoft in its entirety.

1

# ARGUMENT

### A.  Legal Standard

Reconsideration is warranted where the moving party can show the court "overlooked" facts or controlling law that "might reasonably be expected to alter the conclusion reached by the court." *Human Electronics, Inc. v. Emerson Radio Corp.,* 375 F. Supp. 2d 102, 114 (N.D.N.Y. 2004) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). In the Northern District of New York, a court may grant a motion for reconsideration where, among other things, new evidence not previously available comes to light, or in order "to correct a clear error of law or prevent manifest injustice." *Id.* (citing *United States v. Gagnon,* 250 F. Supp. 2d 15, 18 (N.D.N.Y.2003))

### B.  The Court Erred by Incorrectly Assuming None of the Movants Were United States Citizens

Reconsideration of the Court's Opinion is warranted because it is based on an incorrect factual assumption. The Court, acting *sua sponte*, assumed that Movants were neither citizens nor residents of the United States. Opinion at 7, 10. Based on that assumption, the Court concluded that the Movants lacked standing to bring a First Amendment challenge to Chevron's subpoena on their own behalf or on behalf of the non-appearing account owners. Opinion at 10. This assumption was incorrect, however, since John Doe is a citizen of the United States. John Doe Decl. ¶ 3.

At no point did Chevron question the Movants' standing to assert First Amendment rights on the basis of residency or citizenship, and therefore the facts were never presented to the Court. Although Chevron challenged the Movants' standing with respect to the addresses they did not own, Chevron conceded that the Does had standing to challenge the subpoena as to the accounts they own. *See* Chevron's Opposition Brief (ECF No. 35) at 8. Although the Court has the

2

obligation to consider standing *sua sponte*, Movants are unaware of any authority supporting a judicial assumption of lack of citizenship or residency for First Amendment standing purposes or any authority requiring litigants to affirmatively assert citizenship or residency status in order to challenge a subpoena issued by a U.S. court.

Regardless, John Doe is a U.S. citizen, and in light of this factual error, Movants submit that reconsideration of the Court's Opinion is warranted.

**C.     The Court Erred in Assuming Movants Do not Have Third-Party Standing**

The Court's conclusion as to third-party standing is also in error and warrants reconsideration for at least two reasons.

First, it is clear from the Opinion that the Court's erroneous assumption that none of the Movants are citizens heavily informed the Court's decision as to third-party standing to challenge the subpoena in its entirety, *see* Opinion at 10, and therefore, must be reconsidered in light of that factual error.

Second, to the limited extent that the Court considered the requirements for third-party standing, it looked only to whether the non-moving account owners would in fact face practical barriers to asserting their rights. The Court concluded they would not, based entirely on the further factual assumption that "some of these accounts have opposed these subpoenas in the Southern District of New York and the Northern District of California." Opinion at 10-11. The Court did not indicate which owners it believes has opposed subpoenas in the Northern District of California or in the Southern District of New York but declined to oppose the subpoena issued to Microsoft. Nor did the Court indicate the basis for this assumption. Counsel for Movants also represent many individual account owners in the action in the Northern District of California, and are presently aware of no individuals that have done what the Court assumed. Movants

3

respectfully submit that this assumption was without any evidentiary support and therefore an inappropriate basis for decision, and although Movants – like the Court – cannot possibly know the identity of all account holders in each district with any certainty, all information available to Movants' counsel suggests this assumption was factually incorrect.

### D. Conclusion

In light of the Court's plain error of fact with respect to John Doe's citizenship and inaccurate and incomplete consideration of third-party standing, Movants submit that the Court should reconsider its Opinion and find that Movants have standing to challenge the subpoenas as applied to each individual account named in the subpoena.

Dated this 9th day of July, 2013 at San Francisco, California.

                                          Respectfully submitted,

                                                  /s/ Mitchell L. Stoltz
                                          Mitchell L. Stoltz, Esq.
                                          (Bar Roll No. 517844)
                                          Nathan Cardozo, Esq.
                                          (*pro hac vice* pending)
                                          ELECTRONIC FRONTIER FOUNDATION
                                          815 Eddy Street
                                          San Francisco, CA 94109
                                          Telephone: (415) 436-9333
                                          Facsimile: (415) 436-9993

                                          Marco Simons, Esq.
                                          marco@earthrights.org
                                          EARTHRIGHTS INTERNATIONAL
                                          1612 K Street NW, Suite 401
                                          Washington, DC 20006
                                          Telephone: (202) 466-5188

                                          *Counsel for Non-Party John Doe Movants*