UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                                                       :
CHEVRON CORPORATION,                                   :
                                                       :
                Plaintiff,                             :
                                                       :
     -against-                                        :   Case No. 1:12-MC-65 LAK/CFH
                                                       :
STEVEN DONZIGER, et al.,                               :
                                                       :
                Defendants.                            :
                                                       :
                                                       :
-------------------------------------------------------x

**CHEVRON CORPORATION'S MEMORANDUM OF LAW IN OPPOSITION
TO MOTION OF NON-PARTY JOHN DOE MOVANTS FOR RECONSIDERATION OF
THE COURT'S JUNE 25, 2013 ORDER DENYING THE MOVANTS' MOTION TO
QUASH SUBPOENA ISSUED TO MICROSOFT**

**TABLE OF CONTENTS**

|      |      |                                                                                                                                                                  | Page |
|------|------|------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|
| I.   |      | INTRODUCTION                                                                                                                                                     | 1    |
| II.  |      | ARGUMENT                                                                                                                                                         | 2    |
|      | A.   | The Does Improperly Seek to Use Their Motion for Reconsideration to Cure Their Repeated Failure to Establish that They Are Entitled to Relief.                   | 2    |
|      | B.   | The Court Correctly Denied the Does' Motion to Quash.                                                                                                            | 3    |
|      |      | 1. The Court Was Correct to Conclude that the Does Had Not Established Standing to Assert Arguments under the First Amendment.                                   | 3    |
|      |      | 2. The Court Correctly Concluded that the Does Lack Third-Party Standing.                                                                                        | 5    |
|      | C.   | If This Court Had Reached the Merits, the Motion to Quash Should Still Have Been Denied.                                                                         | 7    |
| III. |      | CONCLUSION                                                                                                                                                       | 10   |

# TABLE OF AUTHORITIES

Page(s)

### Cases

*Arista Records v. Doe 3*,
  604 F.3d 110 (2d Cir. 2010) ................................................................................................... 8

*Batchelder v. Astrue*,
  No. 10 Civ. 267 MAD, 2013 WL 2384239 (N.D.N.Y. May 30, 2013) ................................... 2

*Cuban Am. Bar Ass'n, Inc. v. Christopher*,
  43 F.3d 1412 (11th Cir. 1995) ................................................................................................ 5

*DKT Mem'l Fund v. Agency for Int'l Dev.*,
  887 F.2d 275 (D.C. Cir. 1989) ................................................................................................ 5

*Doe v. Tangipahoa Parish Sch. Bd.*,
  494 F.3d 494 (5th Cir. 2007) ............................................................................................... 4, 7

*Hollingsworth v. Perry*,
  133 S. Ct. 2652, 2013 WL 3196927 (2013) ........................................................................ 4, 6

*Illinois ex rel. Madigan v. Telemarketing Assocs., Inc.*,
  538 U.S. 600 (2003) ................................................................................................................ 9

*In re C-TC 9th Ave. P'ship*,
  182 B.R. 1 (N.D.N.Y. 1995) ................................................................................................ 2, 3

*In re Grand Jury Subpoenas Dated March 19, 2002 & August 2, 2002*,
  318 F.3d 379 (2d Cir. 2003) .................................................................................................... 7

*Malmberg v. United States*,
  No. 6 Civ. 1042 (FJS/GHL), 2010 WL 1186573 (N.D.N.Y. Mar. 24, 2010) .......................... 7

*N.Y. State Nat'l Organization for Women v. Terry*,
  886 F.2d 1339 (2d Cir. 1989) .................................................................................................. 9

*Sony Music Entm't Inc. v. Does 1-40*,
  326 F. Supp. 2d 556 (S.D.N.Y. 2004) ..................................................................................... 8

*Steel Co. v. Citizens for a Better Env't*,
  523 U.S. 83 (1998) ................................................................................................................... 4

*United States ex rel. Turner v. Williams*,
  194 U.S. 279 (1904) ................................................................................................................. 5

*United States v. Konstantakakos*,
  121 F. App'x 902 (2d Cir. 2005) ............................................................................................. 9

*United States v. Nixon*,
  418 U.S. 683 (1974) ................................................................................................................. 7

*United States v. Verdugo-Urquidez*,
  494 U.S. 259 (1990) ................................................................................................................. 4

*Veiga v. World Meteorological Org.*,
    568 F. Supp. 2d 367, 372-73 (S.D.N.Y. 2008),
    *aff'd*, 368 F. App'x 189 (2d Cir. 2010) ................................................................................ 4, 5

**Rules**

Local Rule 7.1(g) ............................................................................................................................ 2

### I.     INTRODUCTION

This Court's June 25, 2013 order denied a motion to quash a subpoena seeking limited information from Microsoft about certain email accounts—specifically, the identifying information that the account owners provided to Microsoft when they opened those email accounts and the remaining numeric Internet Protocol ("IP") addresses captured when the owners logged onto those accounts.  The email accounts covered by the subpoena belong to individuals who were intimately involved in an illicit RICO enterprise led by U.S.-based plaintiffs' attorneys that procured a fraudulent $19 billion judgment against Chevron in Ecuador.

In denying the motion to quash, this Court recognized that the John Doe movants had failed to present evidence establishing their standing to contest the subpoena—even though Chevron's opposition put the issue of standing squarely before the Court, Dkt. 35 at 7-8, and the Does had at least four opportunities to establish their standing.  *See* Dkts. 2, 42, 43, 46.  In moving for reconsideration of that order, the Does now seek to cure their failure to establish their entitlement to rely on the protections of the First Amendment with a lone Doe's declaration regarding his citizenship.

The motion for reconsideration should be denied.  The Does have not asserted any proper ground for reconsideration.  Effectively, the Does seek a do-over based on facts that have been available to the Does since well before the subpoena was issued.  Under well-settled law, however, the Does cannot use a motion for reconsideration to present evidence that was previously available to them.  And even if the Does' effort to establish standing could be deemed proper, their arguments to quash the subpoena would still fail for the reasons explained in Chevron's opposition brief.  Dkt. 35.

## II.     ARGUMENT

**A.     The Does Improperly Seek to Use Their Motion for Reconsideration to Cure Their Repeated Failure to Establish that They Are Entitled to Relief.**

Reconsideration is "extraordinary judicial relief." *Batchelder v. Astrue*, No. 10 Civ. 267 (MAD), 2013 WL 2384239 at *1 (N.D.N.Y. May 30, 2013). This District has thus identified only three circumstances in which reconsideration is warranted under Local Rule 7.1(g) (the only rule invoked by the Does, *see* Dkt. 53 at 1): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *In re C-TC 9th Ave. P'ship*, 182 B.R. 1, 3 (N.D.N.Y. 1995).

None of the circumstances warranting reconsideration is present here.

First, the controlling law has not changed, and the Does do not contend otherwise.

Second, the Does have not identified any new and previously unavailable evidence. At most, the Does contend that the Court's order rested on an "incorrect factual assumption," based upon a declaration by the owner of simeontegel@hotmail.com about his citizenship and ties to the United States. Dkt. 53 at 3. The declaration itself, however, makes clear that the information presented has been available to the Does since well before the start of this proceeding. The Doe declarant (actually Simeon Tegel, a journalist who has advertised this very email address on his personal website, *see* Dkt. 35 at 14) declares that he is and "ha[s] always been" a United States citizen and that he has lived in the United States for "the majority of the nine years covered by Chevron's discovery request." Dkt. 53-1 ¶¶ 3-4. These basic aspects of the declarant Doe's background are longstanding, and no doubt have long been well known to the declarant. That being so, the Does have not presented any evidence that is new or was "not previously available." *In re C-TC 9th Ave. P'ship*, 182 B.R. at 3. Because a motion for reconsideration is not a proper vehicle for presenting evidence "which was available but not offered at the original [motion]," the

2

Doe declaration is not a valid basis for reconsideration.  *In re C-TC 9th Ave. P'ship*, 182 B.R. at 3 (citations and internal quotation marks omitted; alterations in original).

Third, the Does' contention that this Court's ruling will produce a manifest injustice rings hollow.  The Does knew that Chevron had argued that they did not have standing to assert that the First Amendment precludes compliance with the subpoena at issue.  *See* Dkt. 35 at 7-8.  And Chevron further argued that the Doe movants had failed to proffer sufficient sworn testimony to meet their burden of demonstrating their entitlement to relief.  *Id.* at 13.  The very minimum that the Does could be expected to provide in support of their argument would be a factual proffer that they were entitled to the protections of the First Amendment in the first place.  The Does have filed not one but *four* submissions with which they could have presented evidence about their citizenship and ties to the United States.  *See* Dkts. 2, 42, 43, 46.  (Indeed, the Does have still not submitted any evidence as to the citizenship or ties to the United States of any of the owners of the other email accounts covered by the subpoena.)  In light of the Does' ample opportunities to present this evidence prior to decision, there is no "manifest injustice" in holding them to their failure to do so in a timely manner.

The June 25 order correctly observed that the Does failed to submit any evidence on a basic prerequisite to relief.  Because that basic failure is not a ground for reconsideration—and because the Does have not identified any proper ground for reconsideration—the motion for reconsideration should be denied.

**B.    The Court Correctly Denied the Does' Motion to Quash.**

    **1.    The Court Was Correct to Conclude that the Does Had Not Established Standing to Assert Arguments under the First Amendment.**

Even if the grounds for reconsideration presented in the Does' motion were proper, the Court should still deny the motion because the Court correctly concluded that the Does—or, at

3

the very least, the twenty-nine Does who have not submitted declarations regarding their citizenship—have not established their standing to claim protection under the First Amendment.

"[A]ny person invoking the power of a federal court must demonstrate standing to do so." *Hollingsworth v. Perry*, 133 S. Ct. 2652, 2013 WL 3196927, at *6 (2013). And the Does concede (Dkt. 53 at 2-3) that the "Court has the obligation to consider standing *sua sponte*." *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 93 (1998). Contrary to the Does' implication, however, standing "must be proven, not merely asserted" (or assumed). *Doe v. Tangipahoa Parish Sch. Bd.*, 494 F.3d 494, 496-97 (5th Cir. 2007). And, as emphasized in the Court's June 25 order, the Does failed (despite numerous opportunities) to submit evidence proving that they possess standing to claim First Amendment protection. Dkt. 50 at 7, 9, 10.

In concluding that the Does had not established standing to claim First Amendment protections, moreover, this Court applied established law. While non-citizens may enjoy certain constitutional protections "once they have come within the territorial boundaries of the United States, and have established connections with this country," "Supreme Court precedent has established that outside the sovereign territory of the United States, the Constitution's protections do not apply with the same force and effect." *Veiga v. World Meteorological Org.*, 568 F. Supp. 2d 367, 372-73 (S.D.N.Y. 2008), *aff'd*, 368 F. App'x 189 (2d Cir. 2010) (citing *United States v. Verdugo-Urquidez,* 494 U.S. 259, 268-70 (1990)). Thus, as this Court explained (Dkt. 50 at 9-10), absent a demonstration that a claimant has substantial connections to the United States, federal courts have refused to extend First Amendment protections to non-citizens and

organizations outside of the United States.[1]  When a litigant potentially based outside of the United States claims constitutional protections, the litigant bears the burden of establishing that he or she has either "come within the territory of the United States [or] developed substantial connections with this country." *Veiga*, 568 F. Supp. 2d at 374.  A litigant outside the sovereign territory of the United States who fails to submit evidence of citizenship or connections to the United States is not entitled to assert constitutional protections.  *See id.*  Because the Does failed to timely submit evidence establishing that they are entitled to First Amendment protections, the Court correctly concluded that they could not claim such protections in supporting their motion to quash.

In any event, the motion for reconsideration presents evidence that could at most affect one e-mail address—that of the declarant "Doe" Simeon Tegel—because the other twenty-nine Does have still failed to submit evidence to establish standing.  The subpoena is plainly valid as to those other twenty-nine account holders.

### 2. The Court Correctly Concluded that the Does Lack Third-Party Standing.

In its June 25 order, the Court denied the three original declarant Does third-party standing to assert the interests of twenty-seven non-declarant account holders.  Dkt. 50 at 10-11.  The Does now contend that this ruling was erroneous, for two reasons.  The Does are wrong.

---

[1]  *See, e.g.*, *United States ex rel. Turner v. Williams*, 194 U.S. 279, 292 (1904) ("those who are excluded" from the United States under federal immigration law cannot assert First Amendment rights); *Cuban Am. Bar Ass'n, Inc. v. Christopher*, 43 F.3d 1412, 1428 (11th Cir. 1995) (Cuban and Haitian migrants were not entitled to protections of First Amendment); *DKT Mem'l Fund v. Agency for Int'l Dev.,* 887 F.2d 275, 283-85 (D.C. Cir. 1989) (foreign organizations lacked standing to challenge United States policy based on purported violations of the organizations' First Amendment rights).

First, the Does contend that the "Court's erroneous assumption that none of the Movants are citizens heavily informed the Court's decision as to third-party standing" and thus "must be reconsidered in light of that factual error." Dkt. 53 at 3.  As explained above, however, this Court did not make an erroneous assumption, but instead properly recognized that the Does had not met their burden of establishing their own standing.

Second, the Does insist that the Court erred in concluding that the non-declarant Does "would in fact face practical barriers to asserting their rights." Dkt. 53 at 3.  This is incorrect. Third-party standing arises only under "certain, limited exceptions" to the "fundamental restriction on [the Court's] authority that in the ordinary course, a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties." *Hollingsworth*, 2013 WL 3196927, at *9 (citations and internal quotation marks omitted).  The Does attempted to assert third-party standing based upon one such exception that applies "[w]here practical obstacles prevent a party from asserting rights on behalf of itself" and where other requirements are met.  Dkt. 42 at 2.  This Court properly concluded, however, that the Does had not presented sufficient evidence of "practical obstacles" facing the other account holders—individuals like the Does—from asserting their rights in a similar manner.  Dkt. 50 at 10-11.  Citing examples in which account holders have acted *pro se* to challenge similar subpoenas, the Court recognized that the non-declarant account holders here do not need the Does to protect their interests.  Dkt. 50 at 11 n.36.  Indeed, even now, the Does offer only speculation and conjecture—but no proof—to support the conclusion that the twenty-seven owners of the other email accounts at issue (a) did not receive notice of the subpoena, and (b) would have chosen to contest the subpoena.

6

The Court's holding therefore accords with case law addressing standing in the specific context of motions to quash.  Generally, only a person to whom a subpoena is directed has standing to object to its issuance, unless the third party challenging the subpoena asserts a personal right or privilege with respect to the material subpoenaed.  *See Malmberg v. United States*, No. 6 Civ. 1042 (FJS/GHL), 2010 WL 1186573, at *1 (N.D.N.Y. Mar. 24, 2010); *Doe v. Tangipahoa Parish Sch. Bd.*, 494 F.3d 494, 496 (5th Cir. 2007) ("Constitutional standing generally requires that the plaintiff personally suffered some actual or threatened injury . . . ."). Moreover, it is "well established that the party invoking a privilege bears the burden of establishing its applicability to the case at hand," and "[t]he burden is a heavy one, because privileges are neither 'lightly created nor expansively construed.'"  *In re Grand Jury Subpoenas Dated March 19, 2002 & August 2, 2002*, 318 F.3d 379, 384 (2d Cir. 2003) (quoting *United States v. Nixon*, 418 U.S. 683, 710 (1974)).

The Does have not established that Chevron's subpoena seeking information regarding the twenty-seven non-declarant Does' accounts will affect their own interests, and they therefore lack standing to challenge the subpoena as to those twenty-seven accounts.

**C.     If This Court Had Reached the Merits, the Motion to Quash Should Still Have Been Denied.**

Further consideration of the Court's June 25 order is also unwarranted because, even if the Does had established standing, their motion to quash would still need to be denied.  The Does claimed that the subpoena to Microsoft violated their First Amendments rights to anonymous speech and to association.  Dkt. 2-1 at 7.  Both arguments are meritless.

The Does have no claim to anonymous speech because, quite simply, they are not anonymous in any meaningful sense.  The Does used obvious identifying information in their email addresses.  As this Court recognized in its February 13 order, "It does not take a rocket

7

scientist to figure out, as Chevron thinks it has done, that simeontegel@hotmail.com is quite likely owned by Simeon Tegel, mey_1802@hotmail.com by Maria Eugenia Yepez, and lupitadeheredia@hotmail.com by Lupita (or Guadalupe) de Heredia." Dkt. 44 at 6 (footnotes omitted). The Does have also participated in highly visible activities such as public relations efforts—again indicating that they have not chosen to exercise any right to anonymity in their use of these email addresses. *See* Dkt. 35 at 14. The subpoena poses no threat to anonymity.

Even if the Does were anonymous, Chevron's interests in uncovering evidence of fraud would outweigh the potential effects of the limited disclosure sought here. When ruling on motions to quash that seek to preserve anonymity, courts in the Second Circuit apply a five-factor test that balances (1) the prima facie strength of the plaintiff's claims of injury; (2) the specificity of the discovery request; (3) the absence of alternative means to obtain the subpoenaed information; (4) the plaintiff's need for the information; and (5) the movant's expectation of privacy in the subpoenaed information. *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004) (Chin, J.); *Arista Records v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010) (endorsing *Sony Music* test). As analyzed in detail in Chevron's opposition to the motion to quash, these factors weigh heavily in favor of Chevron. Dkt. 35 at 17-21. Most critically, the evidence sought cannot be obtained by other means, the Does' claims to anonymity are weak at best, and the evidence sought is important to Chevron's claims in the RICO action. *See* Dkt. 35 at 18-19.

Developments in this case since the motion to quash was originally briefed, moreover, further support Chevron's arguments. For example, the declaration of Alberto Guerra indicates that his work on the Lago Agrio judgment was performed at Judge Zambrano's residence using Pablo Fajardo's computer. RICO Dkt. 838 at 8 (Feb. 21, 2013 order). As the presiding Judge has

8

noted, "corroboration of the witness's story can be very important." *Id*. Evidence of the RICO Defendants' IP address usage is reasonably calculated to provide such corroborating evidence. Moreover, decisions by the presiding Judge and others reinforce Chevron's entitlement to the records of the RICO Defendants and their agents. *See, e.g.*, RICO Dkt. 1012. Here, Chevron has already proffered evidence indicating that the owners of all the email accounts at issue were the RICO Defendants or their agents. *See* Dkt. 35 at 4-6. And the Court's February 21 memorandum opinion in the RICO action reaffirmed that there is "no genuine issue of fact" as to various elements of the RICO Defendants' fraud, RICO Dkt. 843 at 9-11, making it even harder for the Does to contest the prima facie strength of Chevron's claims of injury. As a result, the Does' "anonymous free speech" arguments are weaker today than when the motion to quash at issue was originally briefed.

The Does' argument regarding freedom of association fails for similar reasons. As the Does have publicly disclosed their identities and associated themselves with the Lago Agrio Plaintiffs, they cannot make a prima facie showing that the minimal additional disclosure requested by the subpoena would chill their associational rights. *See* Dkt. 35 at 21-22. And again, Chevron's need for the material is significant, the subpoena is closely related to that interest, and the subpoena does not unnecessarily infringe protected rights. *See* Dkt. 35 at 22-23. Even if the Does had made a prima facie showing of a chilling effect, Chevron's compelling interest in discovery would outweigh the minimal impact from disclosing identifying information that is already apparent on the face of the email addresses. *Id.*; *see, e.g.*, *N.Y. State Nat'l Organization for Women v. Terry*, 886 F.2d 1339, 1355 (2d Cir. 1989).

More fundamentally, however, the Does' association with the Ecuadorian plaintiffs is not protected under the First Amendment because it was not a matter of speech and advocacy but

9

rather of participation in a fraudulent enterprise. Fraudulent activity is not protected by the First Amendment. *See, e.g.*, *Illinois ex rel. Madigan v. Telemarketing Assocs., Inc.*, 538 U.S. 600, 612 (2003); *United States v. Konstantakakos*, 121 F. App'x 902, 905 (2d Cir. 2005). Chevron presented strong evidence of fraud in its opposition to the motion to quash, Dkt. 35 at 3-7, and recent developments only strengthen Chevron's case, *e.g.*, RICO Dkt. 838 at 9-11.

### III.   CONCLUSION

The non-party John Does' motion for reconsideration should be denied.

Dated: July 16, 2013                                   Respectfully submitted,


By:   s/ Randy M. Mastro

Randy M. Mastro
Bar Number 517910
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0913
Telephone: 212.351.4000
Facsimile: 212.351.4035
rmastro@gibsondunn.com

Howard S. Hogan
Bar Number 517897
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone: 202.955.8500
Facsimile: 202.530.9550
hhogan@gibsondunn.com

Paul DerOhannesian II
Bar Number 104792
DEROHANNESIAN & DEROHANNESIAN
677 Broadway Suite 202
Albany, New York 12207
Telephone: 518.465.6420
Facsimile: 518.427.0614
derolaw@verizon.net

*Attorneys for Chevron Corporation*