UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
                                                                             :
CHEVRON CORPORATION,                                :
                                                                             :
                                 Plaintiff,                          :
                                                                             :
                    -against-                                :         Case No. 1:12-MC-65 LAK/CFH
                                                                              :
STEVEN DONZIGER, et al.,                         :
                                                                             :
                                 Defendants.                     :
                                                                             :
------------------------------------------------------------ x

**NON-PARTY MICROSOFT'S RESPONSE TO CHEVRON'S MOTION TO COMPEL**

       Microsoft Corporation ("Microsoft") responds to Chevron's motion to compel the immediate compliance of a subpoena that Chevron previously served, but which later was subject to motions to quash brought by defendants and interested third parties, and now is subject to an appeal to the Second Circuit.  (Dkt. Nos. 50, 55, 61).[1]  While Microsoft intends to comply fully with all Court orders, Chevron's demand for immediate production before the appeal has been decided puts Microsoft in the position of undermining its account holders' current appeal, if Microsoft were to produce the requested information to Chevron during the pendency of the appeal.  Therefore, Microsoft respectfully submits that Chevron's motion should be denied so that the Second Circuit can decide Chevron's entitlement to the information sought.

---

[1]  Northern District of New York Local Rule 7.1(b)(2) requires the moving party to request a court conference with the assigned Magistrate Judge before making any non-dispositive motion, and also, specifies the timing for a return date and a responsive brief.  Although the Local Rules were not followed here, and no date has been set for Microsoft to respond, Microsoft nonetheless submits this response so that its position can be put into the record.

Chevron makes two arguments to compel Microsoft. First, Chevron argues that immediate production is required because "neither Microsoft nor any party has moved to stay those orders, and this Court has not stayed its orders." (Dkt. No. 61, at p. 4). Chevron cites authority that the filing of a notice of appeal does not stay the underlying litigation when that notice of appeal is not accompanied with a stay motion. *See Crystal Palace Gambling Hall, Inc.,* 817 F.3d 1361, 1363 (9th Cir. 1987). The factual basis for Chevron's motion is incomplete, however, as the Doe Movants filed on October 7, 2013 an application for a stay of enforcement of the subpoena, pending appeal. (Dkt. No. 62). Chevron opposed that motion to stay. (Dkt. No. 63).

Second, Chevron claims urgency and prejudice, noting that the underlying litigation is scheduled for trial on October 15, 2013 and that it has "diligently sought the subpoenaed information." (Dkt. No. 61, at p. 4). The claimed urgency and prejudice, however, is not Microsoft's creation. Chevron served its subpoena on Microsoft in September 2012 and defendants and interested third parties have been litigating the subpoena for over a year. Microsoft is not a party to the underlying litigation, was not a party to the motions to quash Chevron's subpoena, and is not a party to the Second Circuit appeal.

Microsoft will comply with any Court order requiring it to produce information in response to the subpoena, but it should not be required to comply with the subpoena before this Court rules on the application for a stay and before the Second Circuit has had an opportunity to decide whether Chevron is entitled to the information it seeks. Thus, Microsoft respectfully requests that the Court deny Chevron's motion to compel.

Respectfully submitted,

Dated:  October 18, 2013    /s/ John T. Johnson
John T. Johnson (BRN 507058)
Karolina Jesien (*Pro Hac Vice* pending)
FISH & RICHARDSON P.C.
601 Lexington Avenue, 52nd Floor
New York, New York 10022
Tel: (212) 765-5070
Facsimile: (212) 258-2291
E-mail: JJohnson@fr.com
E-mail: Jesien@fr.com

Attorneys for Non-Party
MICROSOFT CORPORATION

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 18, 2013, the foregoing document was caused to be electronically filed with the Clerk of the Court using the CM/ECF system, thus notifying of such filing to all attorneys of record registered with the CM/ECF system.


Dated:  October 18, 2013                             /s/ Yukari Takigawa
                                                                       Yukari Takigawa