UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
CHEVRON CORPORATION,

                Plaintiff,

           -against-                                        1:12-MC-00065-LAK-CFH

STEVEN DONZIGER, et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## ORDER

LEWIS A. KAPLAN, *District Judge.*

        The Court notes the following with respect to Microsoft's submission in opposition to Chevron's motion to compel Microsoft to comply with the subpoena:

        1.     Insofar as the appeal purports to go to the materials relating to the email accounts of twenty seven of the thirty email address owners, it is entirely frivolous, as no one involved in this matter has standing to assert the rights, if any, of those account owners. As the Court's order of even date relates, the Ninth Circuit in related litigation only recently held that account owners challenging similar subpoenas had no standing to challenge the subpoenas insofar as they sought information regarding accounts of others.

        2.     There is no serious basis for asserting that there are any First Amendment rights at issue insofar as the accounts other than that of the owner of simeontegel@hotmail.com are concerned because even now – after the issue has been called to the Does' attention – none of the owners of any of the other accounts even claims to be a U.S. citizen or advances any other serious claim to entitlement to the protection of the First Amendment.

        3.     It is essentially obvious that Chevron already knows the identities of all three of the owners of the email addresses who moved to quash. For example, PX 1096 at the trial of the underlying action explicitly gives the name of the owner of mey_1802@hotmail.com and the owner of lupetadeheredia@yahoo.com appears surely to be Lupeta de Heredia, both individuals who worked with the defendants in Ecuador. The suggestion that there is some right to anonymous speech at issue in this circumstances is risible.

        4.     While the taking of evidence has been concluded in the underlying case in

respect of which this subpoena was served, post-trial briefing is underway. It remains important that the documents be produced promptly so that an appropriate application to expand the record, should either side think that advisable, may be made before the case is decided. Further delay is extremely undesirable.

Accordingly, Chevron's motion [DI 61] is granted to the extent that Microsoft shall produce the responsive documents on or before December 16, 2013.

SO ORDERED.

Dated: December 9, 2013

_____
Lewis A. Kaplan
United States District Judge